IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DALE GUILFOIL, | § | |
| | § | No. 237, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1407004778 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  September 28, 2020
Decided:    November 4, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)    The appellant, Dale Guilfoil, filed this appeal from a Superior Court order resentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Guilfoil's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 2015, a Superior Court jury convicted Guilfoil of Driving a Vehicle While Under the Influence of Alcohol and/or Drugs in violation of 21 *Del. C.* §

4177.[1]  The Superior Court sentenced Guilfoil to fifteen years of incarceration, suspended after six years for one year of probation.  This Court affirmed on direct appeal.[2]

(3)    In June 2019, Guilfoil was charged with violation of his probation and conditional release.[3]  At a hearing on June 28, 2019, the Superior Court found Guilfoil violated his probation and sentenced him to eight years and eleven months of Level V incarceration, suspended for one year of the Level IV Crest program, suspended after successful completion for one year of Crest Aftercare.  The court also revoked Guilfoil's conditional release and ordered that he would lose previously earned good time and would serve the balance of the sentence from which he was conditionally released.  The "notes" section of the sentencing order court provided that Guilfoil was required to complete the Key program while at Level V, but did not specify whether that requirement applied to the conditional release revocation or the VOP.

(4)    On July 22, 2019, the Department of Correction ("DOC") sent a letter to the Superior Court advising that there was insufficient time in Guilfoil's sentence to allow completion of the Key program while he was at Level V.  DOC requested

---

[1] The sentencing order identified this conviction as Guilfoil's seventh DUI offense.
[2] *Guilfoil v. State*, 2016 WL 943760 (Del. Mar. 11, 2016).
[3] *See* 21 *Del. C.* § 4177(d)(8)-(9) (permitting suspension of a portion of a minimum repeat DUI offender sentence upon the condition that the defendant participates in certain substance abuse programs).

that the court accept completion of the Reflections program instead of Key. The Superior Court denied the request and on August 5, 2019 issued a corrected VOP sentence order. Under the August 5, 2019 order, Guilfoil was required to remain at Level V until he successfully completed the Key program.

(5) Guilfoil filed an untimely notice of appeal from the June 28, 2019 sentencing order on August 5, 2019. He filed an amended notice of appeal from the August 5, 2019 order on August 22, 2019. On appeal, Guilfoil challenged the July 22, 2019 VOP finding and the August 5, 2019 corrected sentencing order. The State argued that the Superior Court did not err in finding Guilfoil had violated his probation, but conceded that the Superior Court erroneously entered the August 5, 2019 order without holding a hearing at which Guilfoil had the opportunity to be present with counsel.

(6) This Court held that Guilfoil's failure to file a timely notice of appeal from the June 28, 2019 VOP proceedings precluded appellate review of his claims challenging the VOP finding.[4] The Court noted that the August 5, 2019 order appeared to increase the Level V time that Guilfoil would be required to serve, and Guilfoil was not present when the court imposed that sentence.[5] Accordingly, the

---

[4] *See Guilfoil v. State*, 2020 WL 3096746, at *2 (Del. June 10, 2020).
[5] *Id.*

3

Court vacated the August 5, 2019 sentencing order and remanded the matter for further proceedings in the Superior Court.[6]

(7)     The Superior Court held a hearing on July 2, 2020.  Guilfoil's counsel, a DOC counselor, and Guilfoil informed the court that he was close to completing the Key program before he was removed in June for unspecified disciplinary infractions.  Guilfoil also told the court that he hoped to maintain his sobriety with Vivitrol medication.  The Superior Court modified Guilfoil's VOP sentence to seven years and ten months of Level V incarceration, suspended for one year of Level IV Crest, suspended after successful completion for one year of Level III intensive outpatient treatment.  The sentence for the conditional release violation remained unchanged, with a maximum release date of July 5, 2020.  This appeal followed.

(8)     In his opening brief, Guilfoil argues that he did not receive notice of the July 2, 2020 hearing and that the Superior Court is punishing him for his alcoholism.  He also continues to challenge the June 28, 2019 VOP findings.  These arguments are without merit.

(9)     The transcript of the July 2, 2020 hearing reflects that the Superior Court wished to hold a hearing promptly in light of this Court's June 10, 2020 order and the expiration of Guilfoil's conditional release sentence on July 5, 2020.  The transcript also reflects that Guilfoil spoke with his counsel before the hearing.

---

[6] *Id.*

4

Guilfoil's counsel informed the court that Guilfoil consented to proceeding by video in light of the COVID-19 emergency. The Superior Court asked Guilfoil to confirm that he wished to proceed by video that day, and Guilfoil affirmed that was the case. Under these circumstances, Guilfoil waived any objections to the notice of the July 2, 2020 hearing. He has also failed to show that he suffered any prejudice from a lack of notice.

(10) Contrary to Guilfoil's contentions, the Superior Court is not punishing him for his alcoholism. The Superior Court originally sentenced Guilfoil to fifteen years of Level V incarceration, suspended after six years for his *seventh* DUI offense. Once Guilfoil committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[7] The July 2, 2020 sentence did not exceed the Level V time previously suspended. The Superior Court could also impose alcohol treatment as a condition of Guilfoil's sentence.[8] The Superior Court's imposition of alcohol treatment was reasonable in light of Guilfoil's DUI conviction and self-admitted struggles to remain sober while on probation. Finally, as this Court previously held, Guilfoil's failure to file a timely notice of appeal from the June 28, 2019 VOP proceedings precludes appellate review of his challenges to the underlying VOP finding.[9]

---

[7] 11 Del. C. § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[8] 11 *Del. C.* § 4204(c)(8).

[9] *Guilfoil*, 2020 WL 3096746, at *2.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice